**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AUTOMOTIVE TECHNOLOGIES
INTERNATIONAL,

        Plaintiff,

                            Case No. 01-CV-71700-DT

v.

BMW OF NORTH AMERICA, INC., et al.,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' "MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '253 PATENT"

Before the court is Siemens Automotive Corp., Siemens AG, Visteon Corp., TK Electronics, Inc., Ford Motor Co., Hyundai Motor America, and Hyundai Motor Co.'s ("Defendants'") "Motion for Partial Summary Judgment of Non-Infringement of the '253 Patent." Defendants' motion has been fully briefed, the court held a hearing on the motion on January 12, 2005, and, for the reasons set forth below, the court will grant Defendants' motion.

### I. BACKGROUND

In this patent infringement action, Plaintiff is seeking damages from Defendants based on their alleged infringement of United States Patent No. 5,231,253 ("the '253 Patent"). Plaintiff claims that Defendants' manufacture and/or use of certain side impact sensors (the accused devices) manufactured and used for detecting acceleration forces in automobile air bag safety devices or systems infringe its patent. The '253 Patent is titled "Side Impact Sensors" and claims certain sensors designed for side impact sensing and initiating a vehicle's occupant protection apparatus (e.g. air

bags). The court previously entered a claim construction order regarding the '253

Patent on March 31, 2004. Defendants bring their current motion arguing that they are

entitled to partial summary judgment on Plaintiff's infringement claims. Defendants

argue that certain identified accused devices manufactured by Siemens, Visteon, and

TK Electronics (used in Ford and Hyundai vehicles) are not mounted on a side door or

a side of the vehicle as required by the limitations of the independent claims of the '253

patent.[1]

Defendants argue that there is no factual dispute that the accused devices are

mounted on the floor of the vehicles and therefore cannot infringe the '253 patent

claims which require that the housing for the side impact sensors claimed be mounted

onto either a side door or a side of the vehicle.

In the means for mounting claim limitations, the '253 patent claims recite "means

for mounting said housing onto at least one of a side door of the vehicle and a side of

the vehicle between the centers of the front an rear wheels, in such a position and a

direction as to sense an impact into the side of said vehicle." (See '253 Patent, claims

1-44; Markman Order at 24-30.) More specifically, Defendants rely on the court's claim

construction interpreting "side of the vehicle" to mean "the side perimeter structure of

---

[1] Although Defendants' motion and brief do not contain a single, specific list of the accused devices at issue, Defendants provided answers to interrogatories that identified the various accused devices mounted on the floor of the vehicles. Defendants provided to Plaintiff a single list identifying these specific vehicles, locations, suppliers, and supporting documents of the accused devices at issue in a November 10, 2004 letter to Plaintiff's counsel and in their reply brief. (See Defs.' Mot. Br. at Exs. 7 & 8; Pl.'s Resp. at Ex. 1 (A); Defs.' Reply at Ex. A.) Plaintiff received the specific list of accused devices prior to filing its response, as evidenced by Dr. Rollin Dix's opinion and supporting documentation provided. Plaintiff does not argue that it lacked noticed of the identity of the accused devices.

the vehicle and not the top or bottom of a vehicle." (*Markman* Order at 32.)
Defendants maintain that there is no evidence upon which a reasonable jury could
conclude that the identified accused devices are mounted in a place other than the floor
or bottom of a vehicle.

In addition to arguing that there is no triable issue of fact on literal infringement
or infringement under the doctrine of equivalents, Defendants argue that a finding of
equivalence with respect to floor-mounted sensors cannot be sustained under the
doctrine of prosecution history estoppel because the patent applicants made repeated
representations that the device is mounted to the side of a vehicle.

On the other hand, Plaintiff argues that Defendants' motion is insufficient to shift
the burden to it to provide evidence of infringement under Rule 56.  Plaintiff also argues
that sensors mounted on the "floor" of a vehicle may fall within the court's construction
of "side of the vehicle."  In other words, Plaintiff argues that sensors "at or immediately
adjacent to the base of [a vehicle's] B-Pillar or [a] vehicle sill" are included in a vehicle's
*side perimeter structure.*  (*See* Pl.'s Resp., Ex. 1(Dix. Decl. at ¶ 7.)  Plaintiff argues that
"[t]he determination of what constitutes a 'side perimeter structure' should be a jury
issue," and that the evidence presented reveals a triable issue of fact as to whether the
identified sensors are mounted on a vehicle's side perimeter structure.  (*Id.* at 9, 10-13.)

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when
there is no genuine issue as to any material fact and the moving party is entitled to
judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "Where the moving party has
carried its burden of showing that the pleadings, depositions, answers to

3

interrogatories, admissions and affidavits in the record construed favorably to the non-

moving party, do not raise a genuine issue of material fact for trial, entry of summary

judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987)

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

　　Summary judgment is not appropriate when "the evidence presents a sufficient

disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 251-52 (1986); *Searfoss v. Pioneer Consol. Corp.*, 374 F.3d 1142, 1148 (Fed.

Cir. 2004). The existence of some factual dispute, however, does not defeat a properly

supported motion for summary judgment; the disputed factual issue must be material.

*See* Anderson, 477 U.S. at 252 ("The judge's inquiry, therefore, unavoidably asks

whether reasonable jurors could find by a preponderance of the evidence that the

plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can

properly proceed to find a verdict for the party producing it, upon whom the *onus* of

proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof

of that fact would have the effect of establishing or refuting an essential element of the

claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174

(6th Cir. 1984).

　　In considering a motion for summary judgment, the court must view the facts and

draw all reasonable inferences from those facts in a manner most favorable to the

nonmoving party. *Striker Corp. v. Davol Inc.*, 234 F.3d 1252, 1257 (Fed. Cir. 2000);

*Wexler v. White's Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (citing *Matsushita

Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The court is not to

weigh the evidence to determine the truth of the matter, but must determine if there is a

genuine issue for trial. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). The burden falls on the moving party to conclusively show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999).

The district court will grant summary judgment on a claim of non-infringement only if, "after viewing the alleged facts in the light most favorable to the non-movant, there is no genuine issue whether the accused device is encompassed by the claims." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999). Whether a particular device infringes a properly construed claim generally presents a question of fact. *See Ethicon Endo-Surgery, Inc. v. United States Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998). "As such, it is amenable to summary judgment where . . . no reasonable fact finder could find infringement." *Id.* (citing *Warner-Jenkinson, Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997)); *see also Southwall Tech., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995).

### III. DISCUSSION

### A. Literal Infringement and The Doctrine of Equivalents

The patent holder has the burden of proof to establish infringement. *See, e.g., Linear Technology Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1325 -26 (Fed. Cir. 2004) ("Because [patent holder] bears the burden of establishing infringement at trial, in moving for summary judgment [the defendant] need only establish a deficiency concerning an element of [patent holder's] infringement claim."); *Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997).

"Analysis of infringement involves two steps." *Searfoss*, 374 F.3d at 1148. First, the district court construes the claims of the patent, determining their scope and meaning. *Id.*; *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372-74. Second, the claims, as construed by the court in step one, are compared limitation by limitation to the features of the allegedly infringing device. *Johnson v. Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 988 (Fed. Cir. 1999). The court has accomplished step one in its March 31, 2004 claim construction order ("*Markman* Order").

Literal infringement occurs only if each limitation of the claim is present in the accused device. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001); *Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1389 (Fed. Cir. 1992). Any deviation from the claim precludes a finding that the accused device infringes. *Telemac*, 247 F.3d at 1330 (citing *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996)).

In addition, "[e]ven where an accused device falls outside the literal bounds of a claim, it may still infringe under the doctrine of equivalents if every claim element is literally or equivalently present in the accused device." *Sage v. Devon Industries, Inc.*, 126 F.3d 1420, 1429 (Fed. Cir. 1997). The doctrine of equivalents allows the patentee to claim those insubstantial alterations that were not captured in drafting the original patent claim but which could be created through trivial changes. *Festo Corp.*, 535 U.S. 722 (2002). Under the doctrine of equivalents, "[a]n element in the accused product is equivalent to a claim limitation if the differences between the two are 'insubstantial' to one of ordinary skill in the art." *Eagle Comtromics, Inc. v. Arrow Communication Laboratories, Inc.* 305 F.3d 1303, 1315 (Fed Cir. 2002). Infringement under the

6

doctrine of equivalents, however, "requires that the accused product contain each limitation of the claim or its equivalent." *Eagle Comtromics*, 305 F.3d at 1315 (citing *Warner-Jenkinson*, 520 U.S. at 40). "[I]n every infringement analysis, the language of the claims, as well as the nature of the accused product, dictates whether an infringement has occurred." *Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1118 (Fed. Cir. 2002).

### B. There is Insufficient Admissible Evidence to Support a Finding that the Accused Devices Infringe

Initially, the court finds that Defendants have met their responsibility under Rule 56 to identify an absence of evidence of infringement as to the sensors identified as mounted on the floor of certain Ford and Hyundai vehicles. Summary judgment as a procedural mechanism "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp.*, 477 U.S. at 327. "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Taft Broad. Co. v. United States*, 929 F.2d 240, 247 (6th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)); *see also Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal Inc.*, 276 F.3d 845, 848 (6th Cir. 2002); *Crown Operations Int'l Ltd. v. Solutia, Inc.*, 289 F.3d 1367, 1377 (Fed. Cir. 2002).

Once this initial burden is met by the moving party, the opposing party may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must produce proper admissible evidence to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  If the non-moving party is unable to meet his or her burden of proof after sufficient time for discovery, summary judgement is proper.  *Celotex Corp.*, 477 U.S. at 322-23.  The party bearing the burden of proof must present a jury question as to each element of its claim.  *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000).

Here, Defendants have identified the absence of evidence showing that the accused devices at issue are mounted on the side or side door of a vehicle as required by means for mounting claim limitations.[2]  Specifically, Defendants presented two interrogatory responses that identify the location of the sensors at issue on the floor of the vehicles.  (Defs.' Mot. at 4-5, Exs. 7-8.)  Plaintiff maintains the burden of proof on its infringement claims and, therefore, must present admissible evidence to create a material issue of fact on its claims for infringement.  Defendants need not prove that the accused devices were mounted on the floor; rather, Plaintiff must present evidence which would permit a reasonable jury to find that the accused device infringes the claim limitations at issue, including the claim limitation that requires mounting onto a side or side door of a vehicle.

---

[2] As noted during the January 12, 2005 hearing, the accused devices relevant to Defendants' motion include sensors used in 12 lines of vehicles and in 30 different products.

The outcome of this motion turns on the court's claim construction order interpreting the phrase "side of a vehicle," and on whether Plaintiff has presented sufficient evidence to permit a reasonable jury to conclude that the accused devices identified are mounted on the vehicle's "side perimeter structure" and not on the "bottom" of the vehicle. That is, whether there is evidence not merely that the a sensor is mounted on the bottom or floor a vehicle adjacent to the side of a vehicle, but whether the accused devices are mounted onto the *side* perimeter structure of the vehicle.

In its *Markman* order of March 31, 2004, the court construed the "means for mounting" language found in claims 1, 20, and 30 as a means-plus-function limitation. The stated function is mounting the housing of the invention claimed onto the vehicle. (*Markman* Order at 22.) Corresponding structure for the mounting function includes a pair of flanges with opening to receive a fastener for mounting as shown in Figures 1, 2, 5, 6,7, and 11 of the '253 patent. The court further construed the claims to permit the mounting senor housings onto a side door or a side of a vehicle. (*Id.* at 31.) The language "side of the vehicle" was construed as follows:

### c. "Side of the Vehicle"

Plaintiff asserts that the court does not need to construe the phrase "side of the vehicle" as used in element (d) of claim 1. Plaintiff contends that the phrase's ordinary meaning is a location "defined by the centerline of the vehicle and the centers of the front and rear wheels." (Joint Mem. at 2.) Defendants encourage the court to adopt a construction that would define the language as meaning "the side perimeter structure of the vehicle and not the side half of the vehicle." (*Id.*) Because the housing described in Claim 1 may, in fact, be mounted onto a side door or a side of the vehicle, the court turns to the construction of the language "side of the vehicle."

9

Plaintiff asserts that one having ordinary skill in the art would understand that the specification allows for the housing to be mounted *anywhere* in the vehicle between the center of the front and rear wheel lateral axis. In fact, Plaintiff suggests and provides examples in its brief showing how the housing for the sensor could be mounted in the center of the vehicle between the front and rear wheels, provided the sensor can still sense the impact at the side of the car. (Pl.'s *Markman* Br. at 15–17.)

This construction stretches the ordinary meaning of the phrase. If the housing could be mounted on the roof, bottom, or center of the vehicle, then it is not mounted on the *side* of the vehicle. If "side of the vehicle" were interpreted as Plaintiff suggests, then the word "side" would be superfluous. Plaintiff's construction would be correct if it had simply stated "a position between the centers of the front and rear wheels." The phrase "side of vehicle" modifies the position between the centers of the front and rear wheels. Plaintiff's construction would have the court read "side" out of the claim limitation. The court declines to do so.

The claim language specifically identifies the side door and *side of the vehicle* as the places for the mounting of the housing. The preferred locations identified in Figure 4 also demonstrate preferred locations for the mounting on the side of the vehicle. Figure 4 shows a side view of a vehicle with the preferred placement of sensors on the side of the vehicle and not on the bottom or roof. Likewise, the specification's preferred embodiment states that the sensor "must be placed on the side door structure to be effective," and lacks any indication that the sensors would be mounted in the locations suggested in Plaintiff's brief. Thus, the court will not construe "side of the vehicle" to include one entire half of the vehicle. *"Side of the vehicle" means the side perimeter structure of the vehicle and not the top or bottom of a vehicle.*

(*Markman* Order at 31-32 (emphasis added).)

Plaintiff has failed to present sufficient evidence that the accused devices at issue in this motion are mounted onto a "side" or "side door" of a vehicle. First, the court is not persuaded by Plaintiff's argument that its interpretation of "side of the vehicle" expands the possible locations for mounting the sensors to the floor of a vehicle or "in an area best described as at or immediately adjacent to the base of the B-

10

pillar or the vehicle sill." (*See* Dix. Decl. at ¶¶ 5-7.) The question is whether the sensors are mounted onto the *side* of the vehicle as interpreted in the court's claim construction. Sensor housings mounted *adjacent* to the side of a vehicle or *near* the B-pillar are not mounted on the *side* of a vehicle. The "side perimeter structure" includes the side doors and vertical structure of the vehicle, but this description of the claim language does not expand "side" to include the floor or bottom inside the horizontal structure of a vehicle. In fact, the court's claim construction order expressly excluded the top or bottom of the vehicle from the area encompassed by the use of phrase "side of the vehicle."

The interpretation of claim language is not an issue of fact for the jury. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995). Plaintiff's argument that the "side perimeter structure" includes locations *adjacent to the side* of the vehicle incorrectly expands the claim language and is not persuasive.

Second, Plaintiff has presented evidence, in the form of an declaration from its proposed expert Dr. Rollin Dix, that the sensors at issue are in fact mounted onto the side perimeter structure. However, this opinion evidence is based on Mr. Dix's incorrect presumption that "side perimeter structure" as used by the court in construing side of the vehicle expands the location for mounting to areas adjacent to the side of the vehicle. (*See* Dix Decl. at ¶ 5.) Plaintiff also presents some documentary evidence relating to the accused devices. Specifically included are three dimensional drawings from a manual titled "Airbag Quick Reference Guide" published by Mitchell International Inc. for the vehicles in question and two excerpts from shop manuals (one for 2002 Lincoln Town Car and one for the Hyundai Santa Fe). (Pl.'s Resp., Ex. 1 at A-D.)

11

A review of this evidence, however, does not permit a reasonable jury to conclude that the accused sensors used in the vehicles identified are mounted onto the side of the vehicle. The line diagrams taken from the 2003 Air Bag Quick Reference Guide fail to provide sufficient detail as to whether the sensors are mounted on the side of a vehicle. Rather, the documents and line diagrams show sensor mounting locations on the bottom, floor, or horizontal structure of the vehicles. These diagrams do not permit a reasonable jury to conclude that the accused devices listed by Defendants are mounted onto the side of the vehicles in which they are placed. The diagrams show mounting locations on the floor of vehicles, under seats on floorboards, and locations adjacent to the side of the vehicles but not on the side of the vehicle. (*See id.*) They do not permit a reasonable jury to conclude that the sensor housings of the accused devices are mounted onto the side perimeter structure. Rather they show mounting onto the bottom of vehicles, at best, in a location adjacent to the side of the vehicle. Plaintiff attaches no detailed drawings (such as the equivalent of a blueprint) or actual photographs from which the fact-finder could establish the exact location of the sensors in each of the vehicles. Nor did Plaintiff seek relief for additional time to respond pursuant to Federal Rule of Civil Procedure 56(f).

By way of example, during the hearing, the court and counsel for Plaintiff discussed Exhibit C to Dr. Dix's affidavit found in Plaintiff's response. Exhibit C includes two pages taken from a 2002 Lincoln Towncar Workshop Manual. These two pages pertain to the removal and installation of a side impact sensor. (Pl.'s Resp. Ex. 1 at Ex. C.) Plaintiff argues that these two pages establish that the sensor is mounted on the sill of the 2002 Towncar and therefore must be placed on the side perimeter

structure of the vehicle.  The exhibit, however, also states unequivically "[t]he side impact sensors are located under the carpet beneath the front seats." (*Id.*) As the court explained in more detail on the record, a side impact sensor mounted under the seats of the vehicle is not mounted onto the side of the vehicle.  To the extent that the "sill" of the vehicle extends to a position beneath the front seats, that part of the sill would not be part of the side perimeter structure.  As such, Exhibit C and Dix's opinion fail to provide sufficient basis for a reasonable jury to conclude that the sensor in the 2002 Towncar, that is mounted under the seat, is mounted onto the side or side door of the vehicle.

To the extent that independent claims 1, 20, 29, and 30 (and consequently dependent claims 2-19, 21-28, and 31-44) require actual mounting of the sensor onto the vehicle side or side door, there is no evidence that the floor-mounted sensors literally infringe.  *See Telemac Cellular Corp.*, 247 F.3d at 1330. (Literal infringement occurs only if each limitation of the claim is present in the accused device.)

Likewise, Plaintiff presents no evidence sufficient for a reasonable jury to find infringement under the doctrine of equivalents.  Under the doctrine of equivalents, "[a]n element in the accused product is equivalent to a claim limitation if the differences between the two are 'insubstantial' to one of ordinary skill in the art." *Eagle Comtromics, Inc. v. Arrow Communication Laboratories, Inc.* 305 F.3d 1303, 1315 (Fed Cir. 2002).  This doctrine "prevents an accused infringer from avoiding [liability] by changing only minor or insubstantial details of a claimed invention while retaining their essential functionality." *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1424 (Fed. Cir. 1997).

13

On the other hand, "[t]he doctrine of equivalents cannot be used to erase 'meaningful structural and functional limitations of the claim on which the public is entitled to rely in avoiding infringement.'" *Conopco Inc. v. May Dep't Stores Co.*, 46 F.3d 1556, 1562 (Fed. Cir. 1994) (citation omitted). When applied too broadly, the doctrine of equivalents conflicts with the definitional and public-notice functions of the statutory claiming requirement. *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 29 (1997). The Supreme Court has explained:

> Each element contained in a claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole. It is important to ensure that the application of the doctrine, even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety.

*Id.*; *see also Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.*, 291 F.3d 1317, 1321 (Fed. Cir. 2002).

The court agrees with Defendants that broad application of the doctrine of equivalents which would allow a finding of infringement for sensors not mounted onto the side or side door of a vehicle (i.e. sensors mounted onto the floor of vehicle in close proximity or adjacent to the side perimeter structure) would impermissibly vitiate the "side of the vehicle" claim limitation. As the court stated in its *Markman* order, "[i]f the housing could be mounted on the roof, bottom, or center of the vehicle, then it is not mounted on the *side* of the vehicle." (*Markman* Order at 32.) The differences between the mounting locations of the accused sensors and the means for mounting claim limitation are not insubstantial differences for purposes of the doctrine of equivalents, and a different conclusion would include a overly broad application of the doctrine of

14

equivalents to the claim elements in this case.  *See Sage Prods.*, 126 F.3d at 1423-25;

*Cooper Cameron Corp.*, 291 F.3d at 1321-22.

Lastly, during argument, Plaintiff's counsel stated that Plaintiff had recently

received from Defendants 51 boxes of documents.  Plaintiff's counsel also stated that

these documents might contain admissible evidence that more specifically shows one

or more of the accused sensors at issue are in fact mounted onto the side of the vehicle

(e.g. in the B-pillar.)  As noted on the record, this evidence has not been presented to

the court and Plaintiff did not seek relief under Rule 56(f) prior to the hearing.

Nevertheless, the court stated that it will give due consideration to such specific

admissible evidence, in a motion for reconsideration, should Plaintiff's diligent efforts

reveal that any of the accused senors are in fact mounted onto the side of the vehicles

in question.

## IV.  CONCLUSION

IT IS ORDERED that Defendants' "Motion for Partial Summary Judgment of

Non-Infringement of the '253 Patent" [Dkt. # 267] is GRANTED.

ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2005

PURSUANT TO RULE 77 (d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS FOR ALL
PARTIES ON _____ 1/26, 20 05
DEPUTY COURT CLERK

S:\Cleland\KEE\Orders & Opinions\01-71700.ATI.Partial.SJ.Floor.Mounted.Sensors.wpd